# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE AT MEMPHIS

| | |
|---|---|
| SHELBY ADVOCATES FOR VALID ELECTIONS; ET. AL, | |
| Plaintiffs and for all Others Similarly Situated, | CLASS ACTION COMPLAINT |
| | JURY TRIAL DEMAND |
| vs. | No. 2:18-cv-02706 |
| TRE HARGETT in his Official capacity as TENNESSEE SECRETARY OF STATE; ET. AL, | |
| Defendants. | |

### DEFENDANTS LINDA PHILLIPS, SHELBY COUNTY ELECTION COMMISSION, ROBERT MEYERS, NORMA LESTER, DEE NOLLNER, STEVE STAMSON, AND ANTHONY TATE'S JOINING STATE DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' SECOND AMENDED COMPLAINT AND MEMORANDUM IN SUPPORT THEREOF

COME NOW, Defendants, Linda Phillips, Administrator of the Election for Shelby County, the Shelby County Election Commission, Robert Meyers, Norma Lester, Dee Nollner, Steve Stamson, and Anthony Tate, Commissioners of the Shelby County Election Commission, all of whom have been sued in their official capacities, ("SCEC Defendants"), pursuant to Rules 41 and 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure, and join in the Motion to Dismiss Plaintiffs' Second Amended Complaint filed by Tre Hargett, Tennessee Secretary of State; Mark Goins, State Coordinator of Elections; the Tennessee State Election Commission; and Kent D. Younce, Judy Blackburn, Donna Barrett, Greg Duckett, James H. Wallace, Jr., Tom Wheeler and Mike McDonald, members of the Tennessee State Election Commission (the "State Defendants") (Doc. #115). moving the Court to dismiss Plaintiffs' complaint for failure to state a claim. SCEC Defendants submit the following additional arguments in support of the State Defendants' Motion to Dismiss

Plaintiffs' Second Amended Complaint, and for their cause SCEC Defendants would show the Court as follows:

## PRELIMINARY STATEMENT

SCEC Defendants hereby incorporate by reference the Motion to Dismiss filed by the State Defendants' as if restated in full herein.

## RELEVANT FACTS

1. Plaintiffs admit in the Second Amended Complaint that voting equipment is purchased by Shelby County and not the Shelby County Election Commission. The Administrator of Elections only makes recommendations concerning the voting equipment. (Doc. #104, ¶ 55).

2. These are statutory requirements of which the Court may take judicial notice. *See* Tenn. Code Ann. § 2-12-116(3) ("Upon the recommendation of the administrator, the commission shall be responsible for approving any voting equipment **to be purchased by the county** for use by the commission;").

3. Former Plaintiff in this case, Suhkara A. Yahweh previously filed at least two (2) federal district court cases raising the same claims made in the Second Amended Complaint filed in the present case. Case No. 06-cv-02492 was filed in 2006 and dismissed in 2007 and Case No. 2:10-cv-02608 filed in 2010 and dismissed in 2012.

4. The allegations raised in both previously filed federal cases raised the same claims as those raised in the present Second Amended Compliant. (*see* 2:06-cv-02492 ECF No. 11 and 2:10-cv-02608 ECF No. 4).

## LAW AND ARGUMENT

**Plaintiffs fail to state a claim for which relief can be granted from SCEC Defendants.**

**1. Shelby County, not the SCEC, purchases new voting equipment.**

Plaintiffs have named the wrong parties regarding their demand that the Court order the purchase and implementation of new voting equipment. The SCEC Defendants do not purchase voting equipment. Pursuant to state law, each county is responsible for the purchase of their own voting equipment.

County election commissions in Tennessee are appointed by the Tennessee State Election Commission. Tenn. Code Ann. § 2-12-101(a). The Tennessee Coordinator of Elections is the chief administrative election officer of the State who is appointed by the Tennessee Secretary of State. Tenn. Code Ann. § 2-11-201. Each county government is obligated to fund the reasonably necessary operating expenses required to discharge the statutorily mandated duties of the election commission in its county. Tenn. Code Ann. §§ 2-12-109(a).

Plaintiffs' Complaint asks the Court to enter an Order against Defendants directing them "to replace all Shelby County Voting machines, election systems, tabulators, and software before the October 2019 elections." The Shelby County Election Commission does not purchase any election equipment directly, rather it is purchased by Shelby County Government.

Plaintiffs admit – and Tennessee State Law agrees – that the Shelby County Election Commission does not purchase voting equipment (*See* Doc. #104, ¶ 55). Voting equipment is purchased by county governments. *See* Tenn. Code Ann. § 2-12-116(3).

Tenn. Code Ann § 2-12-116 makes clear the process by which voting equipment is purchased for use by the SCEC. "Upon the recommendation of the administrator [of elections], the [SCEC] shall be responsible for approving any voting equipment **to be purchased by the county** for use by the [SCEC]." Tenn. Code Ann. § 2-12-116(3). The only duty of the SCEC and the Administrator of Elections is to recommend and approve the voting equipment that should be purchased; however, the purchase of any and all voting equipment is done by the Shelby County Commission, as the governing body of Shelby County.

The Plaintiffs have named the wrong party. It is Shelby County, not the SCEC Defendants which purchases voting equipment. The relief sought does not apply to the SCEC Defendants.

**2. The SCEC submitted a plan and budget for new voting equipment in 2016.**

The process for purchasing new voting equipment has been initiated and is being conducted by the appropriate elected and appointed officials.

In the fall of 2016, the Administrator of Elections for the Shelby County Election Commission presented a five-year plan and estimated budget for the replacement of its aging voting equipment to the CIP Committee of the Shelby County Mayor's administration. The funding for purchasing new equipment comes from Capital Improvement Plan ("CIP") funds in the Shelby County Budget. The budget for Shelby County is set by the Shelby County Commission based on a budget submitted by the County Mayor's Administration. The CIP Committee approved and budgeted CIP funds for the acquisition of new voting equipment beginning in 2021. During the spring of 2018, the Shelby County Commission indicated publicly that they wanted the aging voting equipment replaced sooner. The CIP Committee met in February of 2019 and submitted a recommendation to the County Mayor for a revised timetable for the purchase of new voting equipment beginning in 2019. The new timetable would have acquired the new voting machines in time for the presidential preference primary in March of 2020.

On April 29, 2019, the County Mayor submitted the proposed County Budget for fiscal year 2020. The proposed budget removed the CIP funds for the purchase of new voting equipment for fiscal year 2020 and moved it to fiscal year 2021. Under the County Mayor's proposed budget, the first funding available to purchase new voting equipment is July 2020.

The Plaintiffs' case is moot regarding the demand for the purchase and implementation of new voting equipment. The process has been initiated and the officials having authority to implement the process have undertaken to do so.

**Plaintiffs' suit is barred by the doctrine of res judicata.**

Plaintiffs are barred from bringing their claims by the doctrine of *res judicata* as a result of the judgments issued by the District Court for the Western District of Tennessee in in <u>We the People v. Dibold Corporation, Shelby County Election Commission, Secretary of State, and The Women's League of Voters, Memphis Tennessee Chapter</u>, No. 2:06-cv-02492-JPM-dkv (W.D.T.N. Sept. 4, 2007) and <u>Minister Shukara A. Yahweh et al. v. Shelby County Government, Shelby County Election Commission</u>, No. 2:10-cv-02608 (W.D.T.N July 9, 2012).

In 2006, Plaintiff Yahweh and others complaints "on behalf of themselves and all other persons similarly situated, namely the citizens and residents of Shelby County, Tennessee, who have the right to register to vote and to vote in Shelby County, Tennessee," filed a lawsuit against Shelby County and the SCEC raising the same due process, equal protection and voting rights violation claims raised by Plaintiffs in the present case. (*see* **Exhibit 1**, Case No. 2:06-cv-02492 ECF No. 11, ¶¶ 55-64 and; DOC #104, ¶¶ 36, 208, 269-295). In 2010, Plaintiff Yahweh et al. filed Case No. 2:10-cv-02608 in the District Court for the Western District of Tennessee raising identical claims as the 2006 complaint. (*see* **Exhibit 2**, Case No. 2:10-cv-02608 ECF No. 4, ¶¶ 76-85 and; DOC #104, ¶¶ 36, 208, 269-295). Just like in the present case, the plaintiffs in both prior federal cases filed their complaints alleging violations of 42 U.S.C. § 1983 on the grounds of an alleged violation of the Fourteenth Amendment "on behalf of themselves and all other persons similarly situated, namely the citizens and residents of Shelby County, Tennessee, who have the right to register to vote and to vote in Shelby County, Tennessee." (**Exhibit 1** and **Exhibit 2**; DOC #104, ¶15).

The complaints in 2006 and 2010 raised the exact same due process and equal protection claims raised in the present complaint. Both the 2006 and 2010 complaints alleged violations of equal protection under 42 U.S.C. § 1893 and the civil rights violations as a result of Shelby

5

County's use of the DRE machines. (**Exhibit 1**, ¶¶ 55-64; **Exhibit 2**, ¶¶ 76-85; DOC #104, ¶¶ 36, 208, 269-295). Thus, the present Complaint raises the same claims and allegations as those raised in 2006 and 2010.

The dismissals of the 2006 and 2010 suits were rendered by a court of competent jurisdiction and the judgments were on the merits. The District Court dismissed the claims raised in the 2006 complaint with pursuant to Fed. R. Civ. P 12(b)(6). *Yahweh v. Shelby Cnty.*, No. 06-2492-JPM-dkv (W.D. Tenn. Sept. 4, 2007) (D.E. 55, Order Granting Motion to Dismiss). In 2010, the District Court also dismissed case No. 2:10-cv-02608 with prejudice for the same reasons it dismissed the 2006 case. *Yahweh v. Shelby Cnty.*, No. 10-cv-02608-JDT-dkv, at 8-14 (W.D. Tenn. July 2, 2012) ("For the reasons stated by Chief Judge McCalla in Plaintiff Yahweh's previous suit, Plaintiffs' § 1983 count fails to state a claim.") (D.E. 9, Order of Dismissal).

A complaint dismissed pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim is considered a dismissal on the merits. (Involuntary Dismissal; Effect), other than for lack of jurisdiction, improper venue or failure to join a party under Fed. R. Civ. P. Rule 19 **operates as an adjudication on the merits**. *Rogers v. Stratton Industries, Inc.*, 798 F.2d 913, 917 (6th Cir. 1986). The District Court for the Western District of Tennessee dismissed all of Plaintiffs' claims in Cases No. 2:06-cv-02492 and 2:10-cv-02608 pursuant to Fed. R. Civ. P. 12(b)(6). Thus, the order dismissing Cases No. 2:06-cv-02492 and 2:10-cv-02608 operated as an adjudication on the merits in both cases.

*See Miller v. Shell Oil Co.*, 345 F.2d 891, 893 (10th Cir.1965) (noting that an affirmative defense may be raised in a motion to dismiss for the failure to state a claim "[i]f the defense appears plainly on the face of the complaint itself."). The doctrine of *res judicata*, or claim preclusion, stands for the proposition that when a final judgment has been entered on the merits of a case, "[i]t is a finality as to the claim or demand in controversy, concluding parties and those in

6

privity with them, not only as to every matter which was offered and received to sustain or defeat the claim or demand, but as to any other admissible matter which might have been offered for that purpose." *MACTEC, Inc. v. Gorelick*, 427 F.3d 821, 831 (10th Cir. 2005).

In Tennessee, *res judicata* bars "all claims that were actually litigated or could have been litigated in the first suit between the same parties." *Am. Nat'l Bank & Trust Co. of Chattanooga v. Clark*, 586 S.W.2d 825, 826 (Tenn. 1979). *Res Judicata* applies when the following elements are satisfied: (1) the underlying judgment must have been rendered by a court of competent jurisdiction; (2) the same parties were involved in both suits; (3) the same cause of action was involved in both suits; and (4) the underlying judgment was on the merits. *Collins v. Greene County Bank*, 916 S.W.2d 941, 945 (Tenn. Ct. App. 1990) (citing *Lee v. Hall*, 790 S.W.2d 293, 294 (Tenn. Ct. App. 1990)). All four elements are satisfied in this case such that *res judicata* requires the dismissal of the present law suit.

The same issues have previously been raised in two previous federal lawsuits and have been adjudicated on their merits. Both lawsuits were dismissed by a court of competent jurisdiction for failure to state a claim for which relief may be granted by the Court, the dismissals operating as an adjudication on the merits in both cases. As a result, *res judicata* applies in this case and requires that Plaintiffs' Second Amended Complaint in this case be dismissed, with prejudice.

## CONCLUSION

Wherefore, based on the foregoing, in addition to the reasons stated in the State Defendants' Motion to Dismiss Plaintiffs' Second Amended Complaint and corresponding memorandum of law in support, Plaintiff's Second Amended Complaint should be dismissed with prejudice.

          HARRIS SHELTON HANOVER WALSH, PLLC

By: /s/ Pablo A. Varela
    John L. Ryder (#08258)
    Pablo A. Varela (#29436)
    40 S. Main Street, Suite 2210
    Memphis, Tennessee 38103
    Tel: (901) 525-1455
    jryder@harrisshelton.com
    pvarela@harrisshelton.com

*Attorneys for Linda Phillips, Robert Meyers, Norma Lester, Dee Nollner, Steve Stamson and The Shelby County Election Commission*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing has been served upon:

| | |
|---|---|
| Carol Chumney<br>5050 Poplar, Suite 2436<br>Memphis TN  38157<br>carol@carolchumney.law<br><br>*Attorney for Plaintiffs* | Janet M. Kleinfelter<br>Matt Jones<br>Public Interest Division<br>Office of Attorney General<br>P.O. Box 20207<br>Nashville, TN 37202<br>Janet.kleinfelter@ag.tn.gov<br>Matt.jones@ag.tn.gov<br><br>*Attorneys for Tre Hargett, Mark Goins, Kent D. Younce, Judy Blackburn, Donna Barrett, Greg Duckett, James H. Wallace, Jr., Tom Wheeler and Mike McDonald* |

via U.S. Mail and email on this the 15th day of May 2019.

          */s/ Pablo A. Varela*
          Pablo A. Varela